# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FIDEL CLARK, a/k/a, ROALSTON STEVENSON KINGSTON,** | : : : | **CIVIL NO. 1:18-CV-688** |
| | : | **(Chief Judge Conner)** |
| **Plaintiff** | : : | |
| v. | : : | |
| **SUPERINTENDENT KEVIN KAUFFMAN,** | : : : | |
| **Defendant** | : : | |

## **MEMORANDUM**

Plaintiff Fidel Clark ("Clark"), an inmate currently confined at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as the sole defendant is Superintendent Kevin Kauffman. Presently pending before the court is defendant's motion (Doc. 13) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In response to the motion to dismiss, Clark filed a petition for summary judgment (Doc. 15), wherein he refused acceptance of defendant's motion. (See Doc. 15, "refused for cause . . . consent not given . . . permission denied"). For the reasons set forth below, the court will grant the motion to dismiss.

I.      **Allegations of the Complaint**[1]

In the complaint, Clark identifies himself as a debtor, secured party creditor, and as Roalston Kingston. (Doc. 1 at 3, 5, 7). Clark makes several references to private contracts and UCC Financing Statements.[2] (Id. at 5).

In 2002, Clark was charged with various felony offenses in the Court of Common Pleas of Philadelphia County. (Doc. 1 at 5); see also Commonwealth v. Clark, No. CP-51-CR-0206591-2003 (Phila. Cty. Ct. Com. Pl.). In 2004, Clark was convicted of the offenses and sentenced to a term of life imprisonment. (Id.) Clark appears to believe that his incarceration is a type of contract that he did not sign. (Id.) After 2004, Clark filed a UCC Financing Statement, naming Roalston Kingston as a secured creditor. (Id.) Clark alleges that the UCC Financing Statement created a new contract that renders the contract for his incarceration unenforceable and he asserts that defendant is illegally detaining him. (Id. at 7). For relief, Clark seeks immediate release from custody and damages. (Id. at 3, 6-7).

II.     **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all

---

[1] Clark's claims are difficult to decipher and are essentially unintelligible. The court has made every effort to view them broadly considering Clark's *pro se* status.

[2] Additionally, Clark returned the served copies of defendant's Entry of Appearance as "Acceptance for Value," which he believes constitutes consideration for a contact. (Doc. 12).

2

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. Discussion

Clark's claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). See also Barna v. City of Perth Amboy, 42 F.3d 809, 815 (3d Cir. 1994).

"As a rule, habeas petitions and § 1983 complaints are not 'coextensive either in purpose or effect.' Where a state prisoner seeks to attack the fact or duration of his conviction or sentence, he must seek relief through a habeas petition, not a § 1983 complaint." Rushing v. Pennsylvania, 2016 WL 25579, at *2-3 (3d Cir. 2016) (quoting Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002)); see also Strickland v.

4

Washington, 466 U.S. 668 (1984). "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)).

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-487. When a state prisoner seeks damages in a § 1983 suit, the district court must evaluate whether judgment in the plaintiff's favor would necessarily imply the invalidity of his or her sentence. Id. at 487. If it would, and the sentence has not already been invalidated, the complaint must be dismissed. Id.

Clark's complaint fails to allege any constitutional violations. Clark appears to collaterally attack his conviction and sentence imposed by the Philadelphia County Court of Common Pleas. He asserts that his incarceration is an "unconscionable contract" under a breach of contract theory. (Doc. 1 at 5). He further alleges that the filing of the UCC Financing Statement is a new contract that

5

assumes all previous contracts. Therefore, he asserts that his incarceration "contract" is now "null and void." (Id.) Because Clark challenges the duration of confinement and seeks release from confinement, such relief is not available *via* § 1983. Furthermore, to the extent that Clark seeks damages, a favorable outcome on the damages claim would necessarily imply the invalidity of his criminal conviction. Consequently, Clark's § 1983 claim cannot proceed until his conviction and sentence are invalidated through a habeas corpus action or some other appropriate means. Therefore, the complaint must be dismissed.

## IV. Leave to Amend

The court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Clark, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). A careful review of the complaint dictates that Clark, even affording him all the liberalities that accompany his *pro se* status, fails to state any claims under § 1983 for which relief may be granted. The legal and factual deficiencies in the complaint render the pleading incurable. Therefore, affording him leave to amend would be futile.

## V. Conclusion

For the foregoing reasons, defendants' motion (Doc. 13) to dismiss will be granted. A separate order shall issue.

                                              /S/ CHRISTOPHER C. CONNER
                                            Christopher C. Conner, Chief Judge
                                            United States District Court
                                            Middle District of Pennsylvania

Dated:       January 14, 2019